## IN THE UNITED STATES COURT FOR
## THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY**  **PLAINTIFF**

**VS.**       **CAUSE NO.** 3:19-cv-540-TSL-RHW

**DANNY TOWNSEND, KEISHA GORDEN, KEIONA GREEN,**
**KRYSTEL BROWN, CORY BROWN, TIFFANY BROWN**  **DEFENDANTS**

### COMPLAINT FOR INTERPLEADER AND DECLARATORY JUDGMENT
### (JURY DEMAND)

COMES NOW, Nationwide Mutual Fire Insurance Company ("Nationwide"), through counsel, and files its Complaint for Interpleader and Declaratory Judgment against Defendants Danny Townsend, Keisha Gorden, Keiona Green, Krystle Brown, Cory Brown and Tiffany Brown and in support hereof would show unto the Court the following:

### PARTIES

1. Nationwide is an insurance company duly organizing and existing under the laws of the State of Ohio. During all times referred to the in the Complaint, Nationwide was authorized to due business and was doing business in the State of Mississippi.

2. Defendant, Danny Townsend, is an adult resident citizen of Hinds County, Mississippi. He may be served with process at 1474 Wooddell Drive, Jackson, Mississippi 39212.

3. Defendant, Keisha Gorden, is an adult resident citizen of Hinds County, Mississippi. She may be served with process at 449 Hilldale Drive, Jackson, Mississippi 39212.

4. Defendant, Keiona Green, is an adult resident citizen of Hinds County, Mississippi. She may be served with process at 417 Justin Cove, Byram, Mississippi 39272.

5. Defendant, Krystle Brown, is an adult resident citizen of Hinds County, Mississippi. She may be served with process at 2240 TV Road #3F, Jackson, Mississippi 39209.

6.      Defendant, Cory Brown, is an adult resident citizen of Hinds County, Mississippi. He may be served with process at 760 Willow Street, #3, Jackson, Mississippi 39204.

7.      Defendant, Tiffany Brown, is an adult resident citizen of Hinds County, Mississippi. She may be served with process at 3221 Woodview Drive, Jackson, Mississippi 39212.

## JURISDICTION AND VENUE

8.      Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. §1382 in that it is a suit involving citizens of different states where in the amount of controversy exceeds $75,000.00

9.      Venue is proper in the Northern Division of the United States District Court for the Southern District of Mississippi pursuant to 28 U.S.C. §1391(a)(b)(c) and (d), as well as the Uniform District Court Rules of the Northern and Southern Districts of Mississippi, in that Defendants reside in said District and a substantial part of the events or omissions giving rise to the claim occurred at the property that is the subject of this accident is situated in said District.

## CLAIMS FOR INTERPLEADER AND FOR DECLARATORY JUDGMENT

10.      There is a real, substantial and justiciable controversy between the parties concerning the relationship of the parties with respect to a certain contract or insurance and the parties potential rights and obligations under the terms and conditions thereof.  This is an action for Declaratory Judgment pursuant to 28 U.S.C. §2201 for the purpose of determining questions of controversy between the parties as well hereinafter more fully appear.

11.      On July 16, 2009, Nationwide had in full force and effect a policy of homeowners insurance (Policy Number 6323HO178849) issued in the State of Mississippi to Athela Green, insuring the dwelling located at 1474 Wooddell Drive, Jackson, Mississippi 39212. A true and correct copy of the Nationwide Mutual Insurance Company Declarations Page is attached hereto as Exhibit "A".

12.     On November 23, 2018, the dwelling located at 1474 Wooddell Drive, Jackson, Mississippi 39212 caught fire which damaged the subject home and some of its contents. Following notice, Nationwide began its investigation into the loss and discovered that the actual cash value of the damage to the dwelling as a result of the fire was $20,209.27 and that the replacement cost value of the contents damaged by the fire was $9,726.07. See itemized repair estimate and summary for contents attached as Exhibits B and C, respectively.

13.     All Defendants named herein are claiming or may claim entitlement to the proceeds which Nationwide determined was covered and owed under the homeowners insurance policy in the total amount of Twenty-Nine Thousand Nine Hundred Thirty Five and 34/100 Dollars ($29,935.34).

14.     In view of the potential claims of the various Defendants in this interpleader action, Plaintiff cannot determine which of the Defendants are entitled to payment nor in what sums, if any, and without the determination of this Court, Nationwide cannot pay any part of its coverage without the danger of being held to have done so improperly. Presently Nationwide seeks an Order from this Court to pay into the registry of this Court in an interest bearing account the sum of Twenty-Nine Thousand Nine Hundred Thirty Five and 34/100 Dollars ($29,935.34), which is the total amount Nationwide has determined recoverable under the Dwelling and Contents coverages of the subject property due to damage from the fire in question.

15.     Without limitation or waiver of the effect of any terms and conditions of the policy at issue, Nationwide specifically incorporates herein by reference the entirety of the aforementioned policy, including but not limited to, all terms, conditions and exclusions, including the requirement that all terms must be complied with as preconditions to the enforcement of any right thereunder to the extent any and all of these provisions may impact the decisions to be made with regard to coverage herein.

16.     Without limitation or waiver of the effect of any alternatively pled defenses, or if applicable, policy terms, conditions and exclusions, the policy at issue states the following provisions, in relevant part:

SECTION I - PROPERTY COVERAGES

Coverage Agreements

COVERAGE A - DWELLING

We cover:

1. the dwelling on the residence premises used mainly as your private residence, including attached structures and attached wall-to-wall carpeting.

COVERAGE C - PERSONAL PROPERTY

We cover personal property owned or sued by an insured at the residence premises.
......
For a claim to be covered under the policy, you must have a covered cause of loss. With respect to this, the policy reads, in part:
......

PERILS INSURED AGAINST
(Section I)

Covered causes of Loss

COVERAGE A - DWELLING and
COVERAGE B - OTHER STRUCTURES

We cover accidental direct physical loss to property described in Coverages A and B except for loss excluded under Section I - Property Exclusions.

COVERAGE C - PERSONAL PROPERTY
We cover accidental direct physical loss to property described in Coverage C caused by the following perils except for losses excluded under Section I - Property exclusions:

1.      Fire or lightening.
2.      Windstorm or hail...
3.      Explosion.
4.      Riot or civil commotion.
5.      Aircraft, ...
6.      Vehicles.
7.      Sudden and accidental damage from smoke.
8.      Vandalism and malicious mischief...
9.      Theft, including attempted theft...
10.     Falling objects. ...
11.     Weight of ice, snow, or sleet...
12.     Accidental discharge or overflow of water or steam from within a plumbing, heating, air

conditioning or automatic fire protective sprinkler system or from within a household appliance. This peril does not include loss:

a)    caused by or resulting from water that backs up from outside the dwellings plumbing system and enters through sewers or drains; or water entering or overflowing a sum pump, sump pump well or other system designed to remove subsurface water drained from the foundation area except as may be other system designed to remove subsurface eater drained from the foundation area except as may be provided elsewhere in this policy or by endorsement.

b)    due to freezing except as provided by the peril or freezing.

c)    to the system or appliance from which the water, steam or moisture escaped.

13.    Accidental electrical damage to electrical appliances, devices, fixtures and wiring.

15.    Sudden and accidental tearing apart, cracking, bursting, burning or bulging of:

a)    a steam or water heating system.

b)    a fire protective system.

c)    an air conditioning system.

d)    an appliance for heating water.

15.    Freezing of a plumbing, heating, air conditioning, or automatic fire protective sprinkler system or of a household appliance...

COVERAGE D - LOSS OF USE

We cover, subject to the coverage limit which is the total limit, all of the following:

1.    Additional living expense. If a covered loss requires you to leave the residence premises, we will pay the required increase in living expenses you incur to maintain your normal standard of living. Payment will be for the shortest time required to repair or replace the premises; or, if you permanently relocate for the shortest time required for your household to settle elsewhere. Payment will not exceed the limit of liability shown on the Declarations or 12 months, whichever occurs first. This period of time is not limited by the end of the policy period;

.......

Additional property Coverages

These additional property coverages are subject to the policy deductible except as noted. In no event will the deductible be applies more than once to any loss.

13.    Household supplies. We will pay up the a maximum of five (5) percent of the Coverage A - Dwelling coverage limit for direct physical loss of property described in Coverages A and B arising out of any interior or exterior presence, use, discharge, dispersal, release, migration seepage, leakage or escape of household supplies on the residence premises, in normal household quantities such as household cleaning supplies, pesticides and other similar items.

Section 1 - Property exclusion 1. j) does not apply to any loss covered under this Additional property coverage, Household supplies. In no event, however, will we ever cover:

a)    loss arising out of materials containing asbestos, lead, formaldehyde, fuel or petroleum products.

.......

As noted above, diesel fuel was poured throughout various sections of the residence. No fire ever ignited. As a result, the following property exclusion applies to your claim. It says, in part:

PROPERTY EXCLUSIONS
(Section I)

1.    We do not cover loss to any property resulting directly or indirectly from any of the following. Such loss is excluded even if another peril or event contributed concurrently or in any sequence to cause the loss.

j)      contamination or pollution, meaning any interior or exterior presence of use, discharge, dispersal, release, migration, seepage, leakage, or escape of:

(1)     solid, liquid, gaseous, or thermal irritants or contaminants, except smoke arising solely from hostile fire or the sudden and accidental discharge from a fireplace or furnace;

(2)     vapors, soot, fumes, acids, alkalis, toxic chemicals, toxic liquids, toxic gases, or waste;

(3)     fuel oil and other petroleum products; or

(4)     any other waste materials or other irritants, contaminants or pollutants.

3.      We do not cover loss too property described in Coverages A and B resulting directly from any of the following:

f) (5)   release, discharge, or dispersal of contaminants or pollutants;
.......
When this policy was written, optional coverages were made available. The following was selected and there may be an issue as to your compliance with fully operational security system.

POLICY COVERAGE OPTIONS

Option L. Protective device credit. For a premium credit, we acknowledge the installation of qualified production devices on the residence premises.

You agree to:

1)      Maintain these devices in working order; and
2)      Notify us promptly, or any changes made in the devices or if they are removed.
.......

17.     During its investigation, Nationwide also discovered that diesel fuel was poured near the exterior of the subject property and a fire was attempted, but never ignited. In addition to that fact, diesel fuel was poured throughout the interior of the residence causing damage to the personal property claimed. As a result of the damage to the dwelling and contents from the diesel fuel, Plaintiffs submitted an estimate of $90,000.00 for repairs to the dwelling and damage to the contents from the diesel fuel.  See Repair Estimate attached as Exhibit D.  Nationwide has determined that coverage for these claims is excluded pursuant to the provisions of the policy quoted above.

18.     Recognizing that one or more of the Defendants may be entitled to some or all of the coverages afforded under the policy at issue, Nationwide requests it be allowed to interplead into the registry of the Court in an interest bearing account the sum of Twenty-Nine Thousand Nine Hundred

Thirty Five and 34/100 Dollars ($29,935.34), which Nationwide has concluded against the total amount recoverable under the policy for damage to the dwelling and its contents. Nationwide submits that any further and additional claims asserted by them under the policy are excluded from the scope of coverage under the terms and conditions of the policy cited above.

WHEREFORE, PREMISES CONSIDERED, Nationwide prays that:

A.     The Court will enter an Order allowing Nationwide to interplead Twenty-Nine Thousand Nine Hundred Thirty Five and 34/100 Dollars ($29,935.34), which Nationwide has concluded against the total amount recoverable under the policy for damage to the dwelling and its contents

B.     The Court will direct service of process to be had on each of the Defendants listed herein as Claimants to the funds interpled as required by law.

C.     At a further hearing or hearings herein, the Court will determine the Defendants' respective entitlement to the policy proceeds interpled and direct the Clerk to disburse the funds pursuant to the Court's orders.

D.     The Court will determine that Nationwide has no further obligation to any Defendants herein or any entity claiming through them for any further claims arising out of the policy ensued in any way connected to the November 23, 2018 fire in question.

E.     Nationwide requests to any other such general further or special relief to which it is entitled in the premises.

NATIONWIDE   MUTUAL   FIRE
INSURANCE COMPANY


 /s/ Steven C. Cookston_____
STEVEN C. COOKSTON, ESQ.; MBN 99137
WILL MORTON, ESQ.; MBN 102293

OF COUNSEL:

UPSHAW, WILLIAMS, BIGGERS,
 & BECKHAM, LLP
Post Office Box 8230
Greenwood, Mississippi 38935-8230
Telephone: (662) 455-1613
Facsimile: (662) 453-9245